# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN D. BATTLE,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0831-19-0437-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: July 12, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John D. Battle</u>, Upper Marlboro, Maryland, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of the initial decision of the Office of Personnel Management (OPM) for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On August 7, 1995, the appellant divorced his spouse. Initial Appeal File (IAF), Tab 1 at 6-8. The divorce decree issued by the Circuit Court for Prince George's County, Maryland stated that "the marital portion of the plaintiff's pension shall be equitably divided pursuant to MD FAM. LAW CODE ANN. § 8-201 *et. seq.*, in accordance with the terms and conditions of the [Qualified Domestic Relations Order (QDRO)], which the parties have submitted simultaneously herewith . . . ." *Id.* at 7. The record does not contain the QDRO, but the appellant stated the QDRO was submitted and accepted by OPM in 1996. *Id.* at 2.

The appellant filed the instant Board appeal challenging OPM's decision regarding the disbursement of funds from his retirement annuity to his former spouse.[2] *Id.* at 1. He indicated that his former spouse was not entitled to a portion of his retirement annuity because she remarried prior to age 55 and prior to his retirement in 2010. *Id.* He asserted that he made multiple attempts to contact OPM regarding the matter since 2010 but that OPM never responded. *Id.*

[2] The record does not contain the initial decision, but OPM stated that it issued an initial decision on January 18, 2013. IAF, Tab 4 at 4.

He provided copies of letters he faxed to OPM on July 5, 2017, and December 3, 2018. *Id.* at 2-5.

In an acknowledgment order, the administrative judge informed the appellant that the Board may lack jurisdiction over the appeal and afforded the parties an opportunity to submit evidence and argument on the jurisdictional issue. IAF, Tab 2 at 2-3. The appellant did not respond. OPM moved to dismiss the appeal for lack of jurisdiction because it had not yet issued a final decision. IAF, Tab 4 at 4. The administrative judge held a telephonic status conference. IAF, Tab 7. In the summary of the telephonic status conference, the administrative judge noted that OPM represented that it would issue a final decision in the appeal within 30 days. *Id.* at 1. Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction because OPM had not yet issued a final decision. IAF, Tab 8, Initial Decision (ID) at 1-2.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 2. The agency has responded, PFR, Tab 5, and the appellant has replied, PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the Civil Service Retirement System (CSRS) only after OPM has issued a final or reconsideration decision.[3] 5 U.S.C. § 8347(d); *Smith v. Office of Personnel Management*, 114 M.S.P.R. 395, ¶ 8 (2010); 5 C.F.R. § 831.110. Nevertheless, the Board may

---

[3] The administrative judge indicated that the appellant retired under CSRS and we discern no reason to disturb this finding. IAF, Tab 2 at 2-3; ID at 1-2.

take jurisdiction over a retirement appeal in the absence of a final or reconsideration decision when the appellant has made repeated requests for such a decision and the evidence indicates that OPM does not intend to issue a reconsideration decision. *Johnson v. Office of Personnel Management*, 113 M.S.P.R. 118, ¶ 10 (2010).

Here, it is undisputed that OPM has not issued a final decision in this matter. Moreover, as discussed below, we decline to take jurisdiction over the appeal in light of OPM's statement that it intends to issue a final decision.

The appellant requests that the Board intervene to stop OPM's payments to his former spouse because OPM did not issue a final decision within 30 days. PFR File, Tab 2 at 3. He asserts that the divorce decree is the controlling document and that it does not identify the benefits to which his former spouse is entitled or how much or how long she is to receive any benefits. *Id.* He further asserts that he informed OPM that he never received or signed a QDRO[4] and that OPM relied on a QDRO that was "not specific as to the length of [F]ederal employment during marriage because it had to be recalculated." *Id.*

As previously noted, OPM represented during the pendency of the appeal that it intended to issue a final decision. IAF, Tab 7 at 1. This weighs significantly against the Board taking jurisdiction in this appeal. *See Johnson*, 113 M.S.P.R. 118, ¶ 12 (exercising jurisdiction upon finding that, among other things, OPM did not assert, either before or during the appeal to the Board, that it planned to take further action in the appellant's case); *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 71-74 (1994) (finding that, despite

---

[4] The appellant provides a March 14, 1996 letter in which OPM informed him that his former spouse had submitted a divorce decree awarding her a portion of his future retirement benefits and that, as soon as it received a court-certified copy of the divorce decree and the QDRO, it would determine the court order acceptable for processing. PFR File, Tab 6 at 9-10. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not made this showing.

OPM's long delay in issuing a final appealable decision, the Board lacked jurisdiction because OPM expressed an intent to issue a reconsideration decision), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). Although the appellant indicates that OPM's decision was unduly delayed, he has not provided evidence indicating that OPM does not intend to issue a final decision despite its representation during the status conference. Regarding the appellant's remaining arguments on review, most of these arguments concern the merits of the appeal, which are not relevant to the dispositive jurisdictional issue. PFR File, Tab 2 at 3; *see, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were irrelevant to the jurisdictional question). Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

After OPM issues a final decision, the appellant may file an appeal with the appropriate regional office if he disagrees with that decision.[5] *See* 5 U.S.C. § 8347(d); 5 C.F.R. § 831.110. Furthermore, considering the length of time OPM has taken to issue a final decision, the appellant may also appeal to the appropriate regional office if OPM fails to take such action within 30 calendar days of the date of this Final Order. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22(b)(1).

---

[5] We make no finding as to whether any future Board appeal would be barred by the doctrines of res judicata or collateral estoppel.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.